**WILLIAM R. TAMAYO  #084965 (CA)**
**DAVID F. OFFEN-BROWN #063321 (CA)**
**RAYMOND T. CHEUNG #176086 (CA)**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105-1260
Telephone: (415) 625-5649
Facsimile: (415) 625-5657
raymond.cheung@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AT&T, Inc., dba SBC Yellow Pages, <br><br> Defendant. | CIVIL ACTION NO. <br><br> <u>COMPLAINT</u> <br><br> <u>DEMAND FOR JURY TRIAL</u> |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to June Riddick who was adversely affected by such practices. The Plaintiff Equal Employment Opportunity Commission alleges that Defendant AT&T, Inc., dba SBC Yellow Pages denied Ms. Riddick, an African-American employee, promotion opportunities due to her race.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3)  of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

INTRADISTRICT ASSIGNMENT

2. The employment practices alleged to be unlawful were committed in Defendant's San Francisco office, which is in the County of San Francisco and within the jurisdiction of the United States District Court for Northern California, San Francisco Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, AT&T, Inc., dba SBC Yellow Pages (the "Employer"), a Delaware Corporation, has continuously been doing business in the State of California and the City of San Francisco, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, June Riddick filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about February 2003, Defendant Employer engaged in unlawful employment practices at it northern California facilities, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The unlawful employment practices included, but are not limited to, denying Ms. Riddick a promotion on the basis of her race.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive June Riddick of equal employment opportunities and otherwise adversely affect her status as an employee and a promotion applicant, because of her race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

1  10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of June Riddick.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment in its hiring and promotion selection and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-American employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole June Riddick, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to promotion of June Riddick.

D. Order Defendant Employer to make whole June Riddick, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to employee benefits, plus interest, in amounts to be determined at trial.

E. Order Defendant Employer to make whole June Riddick by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional distress, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant employer to pay June Riddick punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Dated: _____

WILLIAM R. TAMAYO
Regional Attorney

Dated: _____

DAVID OFFEN-BROWN
Supervisory Trial Attorney

Dated: _____

RAYMOND T. CHEUNG
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office