**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PATRICK AND JEANNE STILLMOCK, individually and on behalf of all others similarly situated 9413 Twilight Drive Baltimore, Maryland 21236 | * * * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:07 CV 1344- RDB |
| ROSS STORES, INC. 8333 Central Avenue Newark, California | * * | |
| and | * | |
| DOES 1 through 10 | * | |
| Defendants. | * | |

_____

**DEFENDANT ROSS STORES, INC.'S ANSWER TO PLAINTIFFS'
CLASS ACTION COMPLAINT AND SEPARATE DEFENSES**

Defendant Ross Stores, Inc. ("Ross" or "Defendant"), through their undersigned

counsel, as and for their Answer to Plaintiffs Patrick and Jeanne Stillmock's ("Plaintiffs")

Class Action Complaint purporting to allege a violation of 15 U.S.C. §1681 et seq.

("Complaint") state as follows:

**INTRODUCTION**

1.    Defendant admits that at various times that ROSS® and dd's

DISCOUNTS® stores have printed credit card expiration dates on receipts provided to

consumers.  Ross further admits that Plaintiffs purport to represent a class of individuals

allegedly harmed by Ross's actions.  Except as so expressly admitted, Ross denies the

remaining allegations contained in paragraph 1 of the Complaint.

2.    Ross denies each and every allegation contained in paragraph 2 of the Complaint.

3.    Ross lacks sufficient information as to the allegations contained in paragraph 3 of the Complaint and on that basis denies them.

4.    Ross lacks sufficient information as to the allegations contained in paragraph 4 of the Complaint and on that basis denies them.

5.    Ross denies the allegations of paragraph 5 of the Complaint.

6.    Ross lacks sufficient information as to the allegations contained in paragraph 6 of the Complaint and on that basis denies them.

7.    Ross admits the allegations of paragraph 7 of the Complaint.

8.    Ross denies the allegations of paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.    Defendant neither admits nor denies the allegations of paragraph 9 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts.  Accordingly, Defendant is not required to respond to these conclusions.

10.    Defendant neither admits nor denies the allegations of paragraph 10 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts.  Accordingly, Defendant is not required to respond to these conclusions.

## PARTIES

11.    Ross admits that Plaintiff purports to allege residency within the jurisdiction of this Court.   Except as so expressly admitted, Ross lacks sufficient information as to the remaining allegations contained in paragraph 11 of the Complaint and on that basis denies them.

12.    Ross admits the allegations of paragraph 12 of the Complaint.

13.    Ross admits the allegations of paragraph 13 of the Complaint.

14.    Ross lacks sufficient information as to the allegations contained in

paragraph 14 of the Complaint and on that basis denies them.

15.    Ross lacks sufficient information as to the allegations contained in paragraph 15 of the Complaint and on that basis denies them.

## FACTUAL ALLEGATIONS

16.    Ross lacks sufficient information as to the allegations contained in paragraph 16 of the Complaint and on that basis denies them.

17.    Ross admits that information relating to identity theft is available on the Internet.  Except as so expressly admitted, Ross lacks sufficient information as to the remaining allegations contained in paragraph 17 of the Complaint and on that basis denies them.

18.    Ross lacks sufficient information as to the allegations contained in paragraph 18 of the Complaint and on that basis denies them.

19.    Ross lacks sufficient information as to the allegations contained in paragraph 19 of the Complaint and on that basis denies them.

20.    Ross admits the allegations of paragraph 20 of the Complaint.

21.    Ross admits the allegations of paragraph 21 of the Complaint.

22.    Ross admits that 15 U.S.C. § 1681(n) provides for actual or statutory damages if a willful violation of the statute is proven.  Except as so expressly admitted, Defendant denies the remaining allegations of paragraph 22 of the Complaint.

23.    Defendant admits that ROSS® and dd's DISCOUNTS® stores have printed credit card expiration dates on receipts provided to consumers after December 4, 2004.  Except as so expressly admitted, Ross denies the remaining allegations of paragraph 23 of the Complaint.

24.    Ross neither admits nor denies the allegations of paragraph 24 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts.  Accordingly, Ross is not required to respond to these conclusions.

25.    Ross denies the allegations of paragraph 25 of the Complaint.

26.     Ross admits that Visa and MasterCard implemented credit card number truncation policies prior to the effective date of FACTA.   Except as so expressly admitted, Ross denies the remaining allegations of paragraph 26 of the Complaint.

27.     Ross admits the allegations of paragraph 27 of the Complaint.

28.     Ross denies the allegations of paragraph 28 of the Complaint.

## CLASS ACTION ALLEGATIONS

29.     Ross admits that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a "class" as set forth in paragraph 29 of the Complaint.  Except as so expressly admitted, Ross denies the allegations contained in paragraph 29 of the Complaint.

30.     Ross admits that Plaintiffs purport to exclude from their "class" certain individuals as set forth in paragraph 30 of the Complaint.   Except as so expressly admitted, Ross denies the allegations contained in paragraph 30 of the Complaint.

31.     Ross admits that it provides a substantial number of credit card and debit card receipts to its customers.   Except as so expressly admitted, Ross denies the allegations contained in paragraph 31 of the Complaint.

32.     Ross denies the allegations of paragraph 32 of the Complaint.

33.     Ross denies the allegations of paragraph 33 of the Complaint.

34.     Ross denies the allegations of paragraph 34 of the Complaint.

35.     Ross denies the allegations of paragraph 35 of the Complaint.

36.     Ross lacks sufficient information as to the allegations contained in paragraph 36 of the Complaint and on that basis denies them.

37.     Ross denies the allegations of paragraph 37 of the Complaint.

38.     Ross denies the allegations of paragraph 38 of the Complaint.

39.     Ross denies the allegations of paragraph 39 of the Complaint.

40.      Ross denies the allegations of paragraph 40 of the Complaint.

## CLAIM FOR RELIEF

41.     With respect to paragraph 41 of the Complaint, Ross incorporates its responses to the preceding paragraphs as if fully set forth here.

42.     Ross denies the allegations of paragraph 42 of the Complaint.

43.     Ross denies the allegations of paragraph 43 of the Complaint.

44.     Ross denies the allegations of paragraph 44 of the Complaint.

45.     Ross denies the allegations of paragraph 45 of the Complaint.

46.     Ross denies the allegations of paragraph 46 of the Complaint.

47.     Ross denies the allegations of paragraph 47 of the Complaint.

48.     Defendant neither admits nor denies the allegations of paragraph 48 of the Complaint as the statements set forth there purport to describe legal conclusions and not facts.  Accordingly, Defendant is not required to respond to these conclusions.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant hereby asserts the following separate or affirmative defenses to Plaintiffs' claims for relief.

## FIRST DEFENSE
### (Failure To Allege Facts Constituting A Cause Of Action or Claim for Relief)

Plaintiffs' Complaint and each purported cause of action contained therein, fails to allege facts sufficient to constitute a cause of action against Defendant or a claim upon which relief can be granted in that Plaintiffs and putative class members have suffered no injury and therefore lack standing to seek relief from Defendant.

## SECOND DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs and putative class members have failed to take reasonable steps to mitigate their alleged damages, delayed unreasonably in so doing or have taken steps that have compounded their alleged damages.

### THIRD DEFENSE
**(No Injury or Damages)**

Defendant alleges that neither Plaintiffs nor any putative class member have suffered injury or damages as a result of any conduct by Defendant.

### FOURTH DEFENSE
**(Equitable Defenses)**

Plaintiffs and the putative class members are estopped by reason of their own conduct, acts and omissions from recovering on any claim it claims to have against Defendant.  Defendant alleges on information and belief that: prior to filing this lawsuit Plaintiffs and their counsel knew of the law, and of the fact that Defendant was printing the expiration date on its credit card receipts in alleged violation of the law; rather than inform Defendant of the alleged impropriety of doing so, Plaintiffs did nothing in the apparent hope that Defendant would continue to print the expiration date after the alleged effective date of the law; Plaintiffs' attorneys have filed similar lawsuits in an apparently concerted manner on behalf of other individuals against other companies, alleging similar violations of 15 U.S.C. §1681c(g); the fact that Plaintiffs' attorneys filed so many lawsuits with similar allegations immediately after the alleged effective date of 15 U.S.C. §1681c(g) indicates that Plaintiffs' attorneys, and, under information and belief, Plaintiffs themselves, knew of the alleged import of 15 U.S.C. §1681c(g) prior to its alleged effective date; and rather than inform or warn Defendant of the alleged problem, Plaintiffs simply lay in wait, hoping that Defendant would not change its

practices prior to the alleged effective date of 15 U.S.C. §1681c(g), thereby inviting the very damages they claim by way of this lawsuit.   Defendant further alleges that a reasonable opportunity for investigation or discovery is likely to provide evidentiary support for the foregoing allegations.

Based on the foregoing, Plaintiffs are estopped from seeking damages from Defendant, have unreasonably delayed in seeking remedy for their claimed injury, and have failed to take reasonable steps to avoid injury thus waiving the right to seek recovery from Defendant.

### FIFTH DEFENSE
### (Business Necessity)

Plaintiffs' and the putative class members' claims are barred because Defendant's decisions and actions as alleged in the Complaint were made or undertaken out of business necessity and business prerogative, absent any unlawful or improper motives.

### SIXTH DEFENSE
### (Good Faith)

Plaintiffs' claims for penalties and/or exemplary damages are barred as Defendant's actions, if any, were undertaken in good faith and without malice.

### SEVENTH DEFENSE
### (Punitive Damages Unconstitutional)

Plaintiffs and the putative class members are not entitled to an award of punitive or exemplary damages in this action.   Such an award would be an unconstitutional breach of Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution.

## EIGHTH DEFENSE
### (Insufficient Facts to Support Punitive Damages)

The Complaint, and any purported cause of action alleged therein, fails to state facts sufficient to entitle Plaintiffs or any putative class member to an award of punitive damages against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.    That Plaintiffs take nothing by this action;

2.    That judgment be entered in Defendant's favor; and

3.    That Defendant recover its costs, as well as its attorneys' fees to the extent allowed under 15 U.S.C. § 1681n(c).

Respectfully submitted,


  /s/  Robert A. Scott
Robert A. Scott (#24613)
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street
18th Floor
Baltimore, MD  21202
(410) 528-5600
scottr@ballardspahr.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July, 2007, a copy of the foregoing

Defendant Ross Stores, Inc.'s Answer to Plaintiffs' Class Action Complaint and

Separate Defenses was served via ECF to the following:

> Robert K. Jenner, Esquire
> John J. Cord, Esquire
> Keith D. Forman, Esquire
> JANET JENNER & SUGGS, LLC
> Woodholme Center
> 1829 Reisterstown Road, Suite 320
> Baltimore, Maryland 21208
>
> *Attorneys for Plaintiffs*


_____/s/_____
Robert A. Scott

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PATRICK AND JEANNE STILLMOCK, individually and on behalf of all others similarly situated 9413 Twilight Drive Baltimore, Maryland 21236 | * * * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:07 CV 1344-RDB |
| ROSS STORES, INC. 8333 Central Avenue Newark, California | * * | |
| and | * | |
| DOES 1 through 10 | * | |
| Defendants. | * | |

---

### DISCLOSURE OF CORPORATE INTERESTS

Defendant, Ross Stores, Inc. ("Ross"), by its attorneys and pursuant to Local Rule 103.3, hereby submits this Disclosure of Corporate Interests and states as follows:

1. Ross has no affiliates that are publicly-traded companies.

2. No corporation, unincorporated association, partnership or other business entity, not a party to this case, has a financial interest in the outcome of this litigation as defined by Local Rule 103.3.

Respectfully submitted,


  /s/  Robert A. Scott
Robert A. Scott (#24613)
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street
18th Floor
Baltimore, MD  21202
(410) 528-5600
scottr@ballardspahr.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of July, 2007, a copy of the foregoing

Defendant Ross Stores, Inc.'s Disclosure of Corporate Interests was served via ECF to

the following:

> Robert K. Jenner, Esquire
> John J. Cord, Esquire
> Keith D. Forman, Esquire
> JANET JENNER & SUGGS, LLC
> Woodholme Center
> 1829 Reisterstown Road, Suite 320
> Baltimore, Maryland 21208
>
> *Attorneys for Plaintiffs*

                    /s/
              Robert A. Scott