# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. MCGEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., and DOES 1-10,<br><br>Defendant. | No. C 06 7496 CRB<br><br>~~[Proposed]~~ ORDER GRANTING DEFENDANT ROSS STORES, INC.'S ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES ARE RELATED |

Defendant Ross Stores, Inc.'s ("Defendant") Administrative Motion to Determine Whether Cases are Related came on for hearing and is appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS Defendant's Motion.

## BACKGROUND

On December 6, 2006, Plaintiff Patrick McGee filed the instant action alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq.* on behalf of himself and a putative nationwide class of consumers. On August 31, 2007, the District of Nevada transferred *Tolley-McNerney v. Ross Stores* (Case No. 3L07-cv-04503) to the Northern District of California and on October 1, 2007, the Court ordered that this case be related to *Tolley-McNerney v. Ross Stores*.

- 1 -
[PROPOSED] ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION
TO DETERMINE WHETHER CASES ARE RELATED (CASE NO. C 06 7496 CRB)    1352409.1

On May 21, 2007, Plaintiffs Patrick Stillmock and Jeanne Stillmock ("Plaintiffs") filed a nearly-identical action in the District of Maryland (*Stillmock v. Ross Stores, Inc.*, Case No. 1:07-cv-01344) on behalf of themselves and a putative nationwide class of consumers. On September 19, 2007, *Stillmock v. Ross Stores, Inc.*, was transferred to this District under action number 3:07-cv-04809 MJJ.

In each action the named plaintiffs allege that Defendant has violated Section 1681c(g) of the FACTA in that Defendant by providing consumers with electronically printed receipts on each of which Defendant printed more than the last five digits of Plaintiff's credit card or debit card and/or printed the expiration date of Plaintiff's credit card or debit card. In each action the named plaintiff seeks statutory damages of between $100 and $1000 on behalf of the same putative class of nationwide consumers.

## LEGAL STANDARD

Under Civil Local Rule 3-12, an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

## DISCUSSION

The Court finds that the two actions concern substantially the same parties: The defendant in both actions is the same—Ross Stores, Inc., a Delaware Corporation. Because neither named plaintiff seeks relief other than statutory damages on behalf of a putative class and each action describes the same putative class, the parties in both actions are the same. *See, McGee* Complaint, ¶¶16, 26, 27; *Tolley-McNerney* Complaint, ¶¶6, 15, 21, 43; *Stillmock* Complaint ¶29.

The Court also finds that in each action the alleged claims and events giving rise to the alleged claims are the same: In each action, the specific violation of FACTA by Defendant is alleged – that Defendant provided customers with electronically printed receipts on which it printed "more than the last five digits of [the] Plaintiff's credit card or debit card and/or printed the expiration date of Plaintiff's credit or debit card." *See, McGee* Complaint, ¶¶10, 14, 24;

1 *Tolley-McNerney* Complaint, ¶¶33-35; *Stillmock* Complaint ¶23. Furthermore, in each action statutory damages are claimed based on a Defendants' alleged "willfulness" in violating the statute. *See, McGee* Complaint, ¶¶11, 15, 25; *Tolley-McNerney* Complaint, ¶¶37, 39, 42, 43; *Stillmock* Complaint ¶43.

Finally, the Court finds that litigating the cases before different Judges would be burdensome and would result in unnecessary duplication of effort. Moreover, separate assignment raises the possibility of inconsistent rulings on identical factual and legal issues.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion.

**IT IS SO ORDERED.**

Dated: October _12_, 2007



United States District Judge

- 3 -

[PROPOSED] ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES ARE RELATED (CASE NO. C 06 7496 CRB)

1352409.1