SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
KATHERINE B. BORNSTEIN – 249926
kbornstein@sbtklaw.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Attorneys for Plaintiffs
PATRICK STILLMOCK AND JEANNE STILLMOCK

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK AND JEANNE STILLMOCK, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>ROSS STORES, INC.<br><br>and<br><br>DOES 1 through 10<br><br>Defendants. | No. C 07 4809 CRB<br><br>**STILLMOCK PLAINTIFFS' STATEMENT IN RESPONSE TO THE COURT'S NOVEMBER 30, 2007 ORDER** |

Plaintiffs Patrick and Jeanne Stillmock (the "Stillmock Plaintiffs"), by their undersigned attorneys, respectfully submit the following Statement in Response to the Court's November 30, 2007 Order.

The Stillmock Plaintiffs filed their Class Action Complaint alleging violations of FACTA by Defendant Ross in the United States District Court for the District of Maryland on or about May 21, 2007. Ross moved to transfer venue, and on September 10, 2007, upon the Stipulation

- 1 -

**STILLMOCK PLAINTIFFS' STATEMENT IN RESPONSE TO THE COURT'S NOVEMBER 30, 2007 ORDER** (NO. C 07 4809 CRB)

967188.1

of the Parties and the Order of the District Court of Maryland, the Stillmock Plaintiffs' action was transferred to this Court and was subsequently related to *McGee v. Ross*, No. 06-7496 (the "McGee action"). The McGee action, which contains substantively identical allegations as those set forth in the Stillmock Plaintiffs' action, had progressed significantly by the time the Stillmock Plaintiffs' action was transferred. A substantially similar action, *Tolley-McNerney v. Ross*, No. 07-4503 was also transferred to this Court, on or about October 5, 2007.

On November 21, 2007, the Stillmock Plaintiffs and the Defendants entered into a Stipulation dismissing the Stillmock Plaintiffs' Complaint pursuant to FED. R. CIV. P. 41. Because there was no class certified in the Stillmock Plaintiffs' action, the requirements of FED. R. CIV. P. 23(e) do not apply. The 2003 amendments to the Federal Rules of Civil Procedure amended Rule 23(e) so that it now provides that "[t]he court must approve any settlement, voluntary dismissal or compromise of the claims, issues, or defenses of a *certified* class." FED. R. CIV. P. 23(e) (emphasis added). *See also Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006) ("As the leading treatise on federal procedure observes, '[T]he 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e).'") (quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1797 (1998 & Supp. 2006) (footnote omitted).

Thus, there is no impediment to the entry of the Stillmock Plaintiffs' and Defendants' Stipulation of Dismissal. Because the Stillmock Plaintiffs anticipate the imminent dismissal of their action, they do not take any position with respect to the consolidation of the remaining FACTA actions against Ross.

**STILLMOCK PLAINTIFFS' STATEMENT IN
RESPONSE TO THE COURT'S NOVEMBER 30, 2007
ORDER** (NO. C 07 4809 CRB)
967188.1

1 | DATED: December 10, 2007				Respectfully submitted,

				SCHIFFRIN BARROWAY
				TOPAZ & KESSLER, LLP

				By:_____/s/_____
				KATHERINE B. BORNSTEIN
				Attorneys for Plaintiffs
				PATRICK STILLMOCK AND
				JEANNE STILLMOCK

- 3 -

**STILLMOCK PLAINTIFFS' STATEMENT IN
RESPONSE TO THE COURT'S NOVEMBER 30, 2007
ORDER** (NO. C 07 4809 CRB)
967188.1